4950-1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CURTIS L. WYSE,     ) CASE NO.: 8:22-cv-808
          )
    Plaintiff,   )
          )
v.          )
          )
CALOOSA RIVER, INC., a Florida )
Corporation,      )
          )
    Defendant.  )
          )

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, CURTIS L. WYSE, an individual ("Plaintiff"), hereby sues Defendant, CALOOSA RIVER, INC., a Florida corporation ("Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), and states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an adult resident of Monroe County, Michigan and is otherwise *sui juris*. As a person who is deaf, Plaintiff is an individual with a disability within the meaning of the ADA.

2. Defendant is a corporation duly incorporated and existing under the laws of the State of Florida and having its principal place of business in Lee County, Florida. Defendant is registered with the Florida Secretary of State to conduct business in the State

- 1 -

of Florida; regularly conducts business in the State of Florida, including Lee County, Florida; and has violated the ADA in this State.

3.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.*, based on Defendant denying Plaintiff the opportunity to rent a boat because of his hearing loss in violation of Title III of the ADA.

4.      Venue is proper in this judicial district according to 28 U.S.C. § 1391, because a substantial portion of the events giving rise to Plaintiff's claims occurred in this district, and Defendant's conducts substantial activities within this district.

5.      All conditions precedent to the commencement of this action, if any, have been satisfied, discharged, or waived.

## FACTUAL ALLEGATIONS AND CLAIM FOR
## VIOLAITONS OF TITLE III OF THE AMERICAN DISABILITES ACT

6.      Plaintiff adopts, re-alleges, and incorporates by reference the allegations in Paragraphs 1 through 5 as if set forth fully herein.

7.      The ADA provides a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.  42 U.S.C. § 12101(b)(1) & (2).

8.      The ADA requires that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

9.      This is an action against Defendant for violations of Title III of the ADA., 42 U.S.C. §§ 12181-12189, and its implementing regulations, 28 C.F.R. Part 36.  Specifically, Plaintiff, who is deaf, was denied the opportunity to rent a boat because of his hearing loss.

10.     Defendant operates a boat rental company in Cape Coral, Florida. Defendant is a place of public accommodation covered by Title III of the ADA.  *See* 42 U.S.C. § 12181(7)(E); 28 C.F.R. § 36.104.  As a public accommodation, Defendant is obligated to comply with the requirements of Title III of the ADA.

11.     As a person who is deaf, Plaintiff is an individual with a disability within the meaning of the ADA.  *See* 42 U.S.C. § 12102; 28 C.F.R. § 36.104.

12.     The ADA prohibits public accommodations from discriminating against an individual on the basis of disability in the full and equal enjoyment of its goods, services, privileges, advantages, or accommodations.  *See* 42 U.S.C. §§ 12182(a) and 12182(b)(1)(A)(i); 28 C.F.R. §§ 36.201(a) and 36.202(a).

13.     On February 6, 2022, Defendant discriminated against Plaintiff by denying Plaintiff the opportunity to rent a boat because of Plaintiff's hearing disability.

14.     Plaintiff intended to rent a boat from Defendant to spend the day on the water with seven of his friends.  Plaintiff's friends agreed that Plaintiff should be the person to operate the boat because of Plaintiff's ownership of and experience in operating boats.

15.     Plaintiff's friend, April Hanus, booked the rental of a 20-foot hurricane deck boat with Defendant on February 2, 2022, which Defendant confirmed by issuing a booking receipt (the "Booking Receipt") titled "Confirmed Order."  A true and correct copy of the Booking Receipt is attached hereto as **Exhibit "A."**

16.     As an owner of a 30-foot boat, Plaintiff completed a boater's safety course in Michigan   Plaintiff obtained a Michigan boating certificate on July 19, 2013, identified by certificate number M7825070.

17.     Plaintiff has driven his boat for many hours and has been stopped by U.S. Coast Guard for a vessel safety inspection multiple times, with no violations being discovered.  During those safety inspection, the U.S. Coast Guard never indicated that Plaintiff could not operate his boat due to his hearing disability or instruct him on how to operate his boat.  Plaintiff also has a U.S. Coast Guard emergency application on his phone for emergency situations.

18.     On the day of the incident, Defendant asked Plaintiff for a copy of his driver's license.  When Defendant turned away from Plaintiff to make a copy of the driver's license, Defendant continued to communicate with Plaintiff.  However, Plaintiff, due to his hearing disability, could not understand what Defendant's employee was saying.  As a result, Plaintiff informed Defendant's employee of his hearing disability and that Defendant's employee needed to look directly at Plaintiff when communicating, so that Plaintiff could lipread and understand what was being communicated to him.

19.     In response, Defendant automatically assumed that Plaintiff could not operate the boat because Defendant believed that there was no way to review the boat operations and navigation rules with Plaintiff due to Plaintiff's hearing disability, even though Plaintiff informed Defendant that he could successfully communicate if Defendant was looking directly at Plaintiff.

20.     Defendant further stated that it had to comply with Defendant's policy and that Plaintiff's state issued boater's certificate was insufficient evidence that Plaintiff could operate a boat.

21.     Plaintiff continued to inform Defendant that Plaintiff could communicate if Defendant's employee was looking directly at him.

22.     Plaintiff tried to discuss the issue calmly, even reasoning with Defendant that there would be six other passengers on the boat with no hearing disability but to no avail.

23.     Defendant discriminated against Plaintiff in violation of the ADA when it denied Plaintiff the opportunity to rent the boat, which ruined Plaintiff's vacation to Florida.

24.     Because Defendant denied Plaintiff the opportunity to rent a boat, Defendant denied Plaintiff a full and equal opportunity to participate in, and benefit from, Defendant's goods, services, facilities, advantages, or accommodations within the meaning of 42 U.S.C. §§ 12182(a) and 12182(b)(1)(A)(i); 28 C.F.R. §§ 36.201(a) and 36.202(a); and will continue to discriminate against Plaintiff and others with disabilities

unless and until Defendant is compelled to remove all barriers that exist for the use and enjoyment of Defendant's services and goods, including those specifically set forth herein.

25.    Defendant's practice of discrimination in not providing persons who are deaf or hard of hearing the same services it provides to persons who are not deaf or hard of hearing raises violates the public's interest of ensuring equal access to goods and services.

26.    Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove ADA violations that exist at Defendant's facility for the use of Defendant's goods and services as specifically set forth herein.  The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to Defendant.

27.    Plaintiff has retained the undersigned counsel to represent him in this matter and has agreed to pay reasonable attorney's fees, costs, and expenses from Defendant's pursuant to 42 U.S.C. §§ 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendant.

28.    Pursuant to 42 U.S.C. § 12188(a), this Court has the authority to grant injunctive relief to Plaintiff, including an order that Defendant shall not discriminate against any individual on the basis of disability in the full and equal enjoyment of Defendant's goods and services, facilities, privileges, advantages, or accommodations by

excluding or providing unequal treatment to persons with disabilities and to alter or draft, and implement written policies and procedures for the provisions of its goods and services to persons with disabilities.

WHEREFORE, Plaintiff, Curtis L. Wyse, respectfully requests that this Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to alter its policies to make its services readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and award Plaintiff his reasonable attorney's fees, court costs, and expenses, and such other and further relief in law or equity as this Court may deem just and proper.

DATED: April 5, 2022.

Respectfully submitted,

THE CARLIN LAW FIRM, PLLC
*Attorneys for Plaintiff, Curtis L. Wyse*
Victoria Park Centre
1401 E. Broward Boulevard, Suite 101
Fort Lauderdale, Florida 33301
Tel.: (954) 440-0901
Primary e-mail: eservice@carlinfirm.com

By:    */s/ Justin C. Carlin*
        JUSTIN C. CARLIN, ESQUIRE
        Fla. Bar No.: 068429
        MARSHALL R. BERNER, ESQUIRE
        Fla. Bar. No.: 0117615
        Sec. e-mail: jcarlin@carlinfirm.com
        Sec. e-mail: mberner@carlinfirm.com
        Ter. e-mail: mpanico@carlinfirm.com